Dennis, Appellant, *v.* New Amsterdam Casualty Company, Appellant.

Argued December 9, 1969.   Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*James J. McCabe, Jr.,* with him *Duane, Morris & Heckscher,* for defendant.

*Gordon W. Gerber,* with him *Dechert, Price & Rhoads,* for plaintiff.

OPINION BY WATKINS, J., April 15, 1970:

These are cross appeals from a judgment in the Court of Common Pleas of Philadelphia, in favor of the plaintiff, Richard P. Dennis, the appellee in this appeal and against New Amsterdam Casualty Company, the appellant in this appeal, in the amount of $6,049.45; and an appeal from the judgment in favor of the defendant company, the appellee in this appeal, in the claim of the plaintiff Dennis, the appellant in this appeal, in the amount of $17,500.00.

The facts are as follows:   Dennis was a truck driver for Commercial Concrete Company, Inc., an insured of

New Amsterdam. While so employed, on August 19, 1954, Dennis while backing his truck in the Norristown yard of his employer ran over one Harry Lobnitz, a fellow employee of Commercial Concrete Company, Inc., Lobnitz was killed. The administrator of Lobnitz's estate brought an action against Dennis and his employer in the Federal District Court. In the first trial of this case, a directed verdict for Commercial Concrete Company, Inc. was entered on the grounds that the only liability to Lobnitz's estate was for workmen's compensation. There was a hung Jury on the question of Dennis' liability. At the second trial against Dennis, it was a directed verdict for the defendant, Dennis, but as a result of an appeal of Lobnitz's estate the Circuit Court of Appeals granted a new trial.

When this case was about to be retried there was a settlement by agreement entered into by Dennis and Lobnitz's estate. The pertinent portion of this agreement is as follows: "Counsel for plaintiff and counsel for defendant agreed to accept the Judge's settlement figure of $17,500.00 with the understanding that Richard P. Dennis would promptly pay the sum of $1,000.00 and would agree to institute suit against the New Amsterdam Casualty Company to recover the full settlement figure of $17,500.00. Should full recovery be achieved, the sum of $16,500.00 will be paid over to plaintiff in accordance with the order of Court relating to distributions. If there is a recovery of less than the full $17,500.00 claim, whether by way of compromise verdict or by settlement, 94.28571% (16.5/17.5) of that recovery will be paid over to the plaintiff in accordance with the order of Court relating to distribution. It was further agreed that defendant would not compromise the $17,500.00 claim without approval of plaintiff or his counsel. It was further agreed that should there be a judicial decision that only the $1,000.00 would go to defendant and in the latter case the $16,-

500.00 would go to plaintiff. It was also understood that Dennis would regard himself as trustee of plaintiff's claim for $16,500.00 and, as well, as trustee of any funds obtained as a result of asserting that subrogated claim."

Dennis thereafter brought an action in assumpsit in the Court of Common Pleas of Philadelphia seeking indemnification under the terms of an automobile comprehensive insurance policy issued by New Amsterdam to Commercial Concrete Company, Inc. Dennis claimed he was entitled to $17,500.00 as per the settlement agreements and $6,049.45 in legal fees and expenses in the defense of the wrongful death action brought in the U. S. District Court.

At a trial without a Jury in the Court of Common Pleas of Philadelphia all of the facts were stipulated and it was agreed that all testimony and other documents in connection with the actions in the Federal District Court be determined relevant and as having been presented to the court under oath.

At the conclusion of the trial, the trial Judge determined that Dennis was entitled to the expenses incurred in defending the action but that he was not entitled to any indemnification as to the settlement of the wrongful death action. Exceptions to this order were dismissed and these appeals followed.

At the time of the accident, New Amsterdam had a comprehensive liability insurance policy in force with Commercial Concrete Company, Inc. Pertinent portions of this policy are as follows:

INSURING AGREEMENTS
"COVERAGE A—BODILY INJURY LIABILITY

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease including death at any time resulting therefrom, sustained by any person and caused by accident.

"COVERAGE B—PROPERTY DAMAGE LIABILITY—
AUTOMOBILE

To pay on behalf of the insured all sums which
the insured shall become legally obligated to pay as
damages because of injury to or destruction of prop-
erty, including the loss of use thereof, caused by acci-
dent and arising out of the ownership, maintenance or
use of any automobile.

"III. DEFINITION OF INSURED

"The unqualified word 'insured' includes the named
insured and also includes (1) under coverages A and
C, any partner, executive officer, director or stock-
holder thereof while acting within the scope of his du-
ties as such, except with respect to the ownership,
maintenance or use of automobiles while away from
premises owned, rented or controlled by the named
insured or the ways immediately adjoining, and (2)
under coverages A and B, any person while using an
owned automobile or a hired automobile and any per-
son or organization legally responsible for the use
thereof, provided the actual use of the automobile is
by the named insured with his permission, and any
executive officer of the named insured with respect to
the use of a non-owned automobile in the business of
the named insured. The insurance with respect to any
person or organization other than the named insured
does not apply under division (2) of this insuring
agreement:

EXCLUSIONS

"This policy does not apply:

". . . (c) under Coverage A, except with respect to
liability assumed under contract covered by this policy,
to bodily injury to or sickness, disease or death of any
employee of the insured while engaged in the employ-
ment of the insured, other than a domestic employee
whose injury arises out of an automobile covered by
this policy and for whose injury benefits are not payable

or required to be provided under any workmen's compensation law; or to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law;"

It appears clear from the record that at the time of this accident both Dennis and Lobnitz were employees of the Commercial Concrete Company, Inc. and were engaged in activity within the scope of their employment. Therefore, it is without question that Commercial Concrete Company, Inc.'s liability would be as provided under the workmen's compensation laws of the Commonwealth of Pennsylvania and the liability of Dennis would also be so limited. The Pennsylvania Workmen's Compensation Law Act of June 21, 1939, P. L. 520, amending Act of June 2, 1915, P. L. 736, states as follows: "Section 202. The employer shall be liable for the negligence of all employes, while acting within the scope of their employment, including engineers, chauffeurs, miners, mine-foremen, fire-bosses, mine superintendents, plumbers, officers of vessels, and all other employes licensed by the Commonwealth or other governmental authority, if the employer be allowed by law the right of free selection of such employes from the class of persons thus licensed; and such employes shall be the agents and representatives of their employers and their employers shall be responsible for the acts and neglects of such employes, as in the case of other agents and employes of their employers; and, notwithstanding the employment of such employes, the property in and about which they are employed, and the use and operation thereof, shall at all times be under the supervision, management and control of their employers. Section 205. If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring

while such person was in the same employ as the person disabled or killed, except for intentional wrong . . ."

An employer normally insures against two types of risk to which he is exposed in business and where he has motor vehicles used in connection with his business. One would be as to liability against claims instituted by third parties, that is the general public and the other as to injuries or death of employees. The former being covered under a general liability policy, as the one in question here and the latter under the workmen's compensation insurance as provided in the Act. The Order of the court below with regard to New Amsterdam's liability for indemnification must be affirmed both because the policy does not insure against the type of loss herein set forth and also because under the settlement agreement, Dennis is not obligated to pay the same, this being a secondary and minor consideration.

The question whether Dennis is entitled to reimbursement for costs incurred in defending the action in the Federal District Court is a much more difficult question in that Dennis was compelled to defend an action which was on its face an attempt to circumvent the workmen's compensation law of the Commonwealth and patently had little chance of success. However, the responsibility of New Amsterdam to defend actions has been limited by our Supreme Court to actions which are covered by the policy. *Warner, Appellant, v. Employers' Liability Assurance Corporation,* 390 Pa. 62, 133 A. 2d 231 (1957), the Court states as follows at page 66: "But this applies only 'as respects insurance afforded by this policy.' It does not require defense of any suit brought, but only suits involving claims within the scope of the policy, even though these be groundless, false or fraudulent. In the instant case, there is no question that the claim is founded upon a matter which came within the provision excluding the duty of

appellee to defend." Therefore, the order awarding Dennis the amount of $6049.45 against New Amsterdam must be reversed.

Judgment in favor of New Amsterdam Casualty Company as to liability indemnification of Richard P. Dennis is affirmed and the judgment in favor of Richard P. Dennis against New Amsterdam Casualty Company in the amount of $6049.45 is reversed.