Charlotte MATTOCKS, as parent and natural guardian of Kevin Mattocks and Charlotte Mattocks, in her own right

v.

DAYLIN, INC.

v.

SULLCRAFT MANUFACTURING CO., a corporation, t/d/b/a Anson Pajama Co.

v.

DAN RIVER, INC.

v.

COMMERCIAL UNION INSURANCE COMPANY

v.

INSURANCE COMPANY OF NORTH AMERICA.

Civ. A. No. 76–147 Erie.

United States District Court, W. D. Pennsylvania.

June 17, 1978.

See also D.C., 78 F.R.D. 663.

Andrew J. Conner, Erie, Pa., for plaintiff.

John M. McLaughlin, Erie, Pa., for Sullcraft and Commercial Union Ins. Co.

William R. Tighe, Pittsburgh, Pa., for Daylin, Inc.

George I. Buckler, Pittsburgh, Pa., for Sullcraft Mfg. Co.

John M. Wolford, Erie, Pa., for Dan River and Ins. Co. of North America.

## OPINION AND DECLARATORY JUDGMENT

WEBER, Chief Judge.

A jury trial in the above-entitled action concluded on September 15, 1977, with a finding of no liability against defendant Daylin, Inc. Prior to trial of the action, third party defendant Sullcraft Manufacturing Company (Sullcraft) filed a third party Complaint for Declaratory Judgment against a new third party defendant, Insurance Company of North America (INA).

Sullcraft's Complaint for declaratory relief requested this Court to declare that the claims asserted against Sullcraft were covered by the vendor's endorsement issued by INA in favor of vendors of cotton goods purchased from Dan River, Inc., and that INA was thereby obligated to provide indemnification in the event of a finding of liability against Sullcraft, and, a defense on behalf of Sullcraft.

Because of the jury finding of no liability, we have no need to consider if Sullcraft is entitled to indemnification by INA. However, still pending is Sullcraft's request for a declaration of entitlement to all reasonable costs of defense, including but not limited to attorney fees incurred in defense

of the above matter and in prior proceedings arising out of the same claim.[1]

In its Answer to the Complaint for Declaratory Judgment, INA based its refusal to defend under the "plain and clear meaning of the exclusion" contained in the vendor's endorsement. INA alleges that the clear intent of the exclusive language in the endorsement was to exclude vendors who acquired materials from Dan River, Inc. which became component or integral parts of products manufactured by the vendors. Allegedly, vendors who changed the product as shipped by Dan River or labeled, packaged and re-sold the Dan River material, also were excluded from coverage.

INA has moved to dismiss the Complaint for Declaratory Judgment for failure to state a claim based upon the language of the vendor's endorsement. INA also claims (in its brief in support of the Motion to Dismiss) that proof of the identity or origin of the pajamas was assumed throughout trial but never traced to any of the defendants, particularly Dan River. Because there exists no credible evidence to the contrary, we find that the subject pajamas were part of the materials supplied by Dan River to Sullcraft for sale as boys cotton flannelette pajamas.

INA relies upon the exclusions set forth in paragraphs 1(b)(i) and (iv) of the vendor's endorsement to support its contention that no defense was owed Sullcraft. Those sections of the endorsement read:

1. The insurance with respect to the vendor does not apply to:

    .    .    .    .    .

(b) bodily injury or property damage arising out of:

(i) any physical or chemical change in the form of the product made intentionally by the vendor.

    .    .    .    .    .

(iv) products which after distribution or sale by the Named Insured have been labeled or relabeled or reused as a container, part or ingredient of any other thing or substance by or for the vendor.

■ We assume a provision for defense of insured vendors is contained in the products hazard insurance policy that controls this action. The typical insurer agrees to defend the insured against any suits arising under the policy. Here, no party has specifically referred to such a defense provision. Rather, attention has been focused solely on the vendor's endorsement modifying the original insurance policy. INA has not raised the absence of such a proviso as a defense to any duty to defend. A defense based on an exclusion in an insurance policy is an affirmative one, and the burden is on the insurer to establish it. *Miller v. Boston Ins. Co.*, 420 Pa. 566, 218 A.2d 275 (1966).

■ When an insurer so agrees, there exists an obligation to defend the insured against any suits arising under the insurance policy even if such suit is groundless, false or fraudulent. *Gedeon v. State Farm Mutual*, 410 Pa. 55, 188 A.2d 320 (1963). The obligation to defend arises whenever the complaint filed by the injured party may *potentially* come within the coverage of the policy. *Cadwallader v. New Amsterdam Cas. Co.*, 396 Pa. 582, 152 A.2d 484 (1959). The obligation remains until the insurer confines the claim to a recovery the policy does not cover. Only those claims clearly not covered by the policy are excluded from the duty to defend. *Cadwallader.*

On November 10, 1975, prior to the filing of this action and after receiving a copy of the vendor's endorsement counsel for Sullcraft made a demand on counsel for Dan River (who also was counsel for INA) for the provision of a defense on behalf of Sullcraft with respect to the claims of plaintiff Mattocks. INA refused to provide Sullcraft with a defense alleging that according to the exclusions contained in the vendor's endorsement Sullcraft was not entitled to coverage.

■ We find that INA had an obligation to defend Sullcraft and, by its refusal to

1. Sullcraft has been a party defendant in four actions brought by plaintiff relative to plaintiff's claim for damages arising out of the ignition of pajamas manufactured and sold by Sullcraft and worn by plaintiff at the time of ignition.

defend, breached that obligation. We do not think the third party plaintiff's claims clearly show no liability on the part of the various third party defendants. As long as the Complaint filed by the plaintiff and thereafter referred to in the Third Party Complaint against Sullcraft covered an injury which "might or might not" fall within the coverage of the policy, INA was obliged to defend Sullcraft against plaintiff's claims. INA was under a duty to defend Sullcraft until it could confine plaintiff's claims to a recovery outside the policy coverage.

We also find that INA was obliged to continue defending Sullcraft to the final resolution of those actions initiated by plaintiff Mattocks with respect to the claims relating to Sullcraft and the pajamas manufactured from Dan River materials.

INA claims that the exclusions contained in the vendor's endorsement cover any physical changes in form, any labeling or re-labeling, any use of Dan River products as component parts of another product, or any re-use of Dan River products as a container for another product.

Considering the terms of the exclusions set forth in the endorsement in context with the other terms contained therein, we conclude that Sullcraft was not excluded from coverage. Section 1(b)(i) excludes coverage with respect to any bodily injury "arising out of" any intentional, physical change in form of the product by the vendor. It is clear that Sullcraft intentionally made changes in the form of the cotton flannelette by cutting and tailoring the material into finished pajamas. However, the injuries sustained by Kevin Mattocks when the pajamas ignited cannot be said to have arisen out of the changes Sullcraft made. Plaintiff's theory of liability was that plaintiff was injured due to the unreasonably dangerous nature of the pajamas constructed of non-flame retardant cotton flannelette. Plaintiff also proposed a theory of liability based on defendant's failure to warn (which was rejected by the Court because of plaintiff's failure to lay the proper factual foundation) with respect to the non-flame retardant propensities of the

pajamas. No claim ever was made that Sullcraft's physical changes of the Dan River material caused plaintiff's injuries.

The "arising out of" language of Section 1(b) of the endorsement limits the applicability of Section 1(b)(i). The changes in form by a vendor must *cause* plaintiff's injuries before the vendor is excluded from coverage under the endorsement. If the change in form resulted in plaintiff's injuries, the vendor is obligated to provide its own defense. Any change in form causing injury would take the product out of Dan River's control. In such a case fairness demands that neither Dan River nor its carrier be held responsible for an injury causing change by a third party. However, where the change in form does not cause the injury and the injury is caused by the material itself, regardless of the form it takes, the manufacturer (and therefore its carrier) is responsible for any harm arising therefrom.

INA also claims Sullcraft has no right to a defense because of the exclusion contained in Section 1(b)(iv) of the endorsement.

Under the interpretation of Section 1(b)(iv) proffered by INA, a vendor of goods purchased from Dan River would not fall within the coverage of the endorsement unless the vendor sold the product under the Dan River label. Even the mere relabeling of the goods allegedly would preclude the vendor from coverage.

If the language of Section 1(b)(iv) was not limited in any way, INA's interpretation of 1(b)(iv) would be plausible. However, construing the language of that section in relation to the limiting language of Section 1(b), we cannot accept INA's interpretation of the scope of the exclusion contained in the endorsement.

Any labeling or relabeling, use as a component part of another product or re-use as a container for another product which *causes* physical or bodily injury would exclude Sullcraft from the protections given by the insurance policy. To interpret the provisions of exclusion as does INA, would effectively preclude any vendor of Dan River products (except those selling under the

**516**

Dan River label) from coverage. This is not a reasonable interpretation of the contract of insurance because of the language used in the endorsement and in view of the usual impetus for securing products hazard liability insurance, i. e., to encourage vendors to purchase and sell products of the party securing the insurance.

Therefore, we conclude Sullcraft is entitled to a defense on its behalf as provided by INA. Because the defense was not provided by INA, Sullcraft is entitled to the costs incurred in defense of the matter, including reasonable attorney fees. However, Sullcraft is limited to the costs of defense of those actions brought against it relating to the injuries of Kevin Mattocks.

■ Sullcraft is not entitled to the reasonable attorney fees and other costs incurred in bringing the action for declaratory relief. We find that although INA's refusal to defend breached its obligation to tender a defense, INA's obduracy was due to a good faith belief that the vendor's endorsement excluded Sullcraft from coverage. Under Pennsylvania law, no attorney fees are awarded to the prevailing party in a declaratory judgment action where the circumstances show the refusal to defend was not in bad faith or unreasonable. *Montgomery Ward & Co. Inc. v. Pacific Indemnity Co.*, 557 F.2d 51 (3d Cir. 1977).