426 A.2d 680

**KELMO ENTERPRISES, INC., George Mohanco and Brian Kelly**

v.

**COMMERCIAL UNION INSURANCE COMPANY and William Kitzmiller, Administrator of the Estate of Lee Clark Kitzmiller, Deceased.**

**Appeal of COMMERCIAL UNION INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued March 20, 1979.

Filed Feb. 20, 1981.

Petition for Allowance of Appeal Granted May 6, 1981.

B. Todd Maguire, Wilkes-Barre, for appellant.

Donald H. Brobst, Wilkes-Barre, for Kelmo etc., appellees.

Charles A. Shea, III, Wilkes-Barre, for Kitzmiller, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends: (1) that it had no duty to defend appellees in an underlying tort action because the insurance policy issued by appellant denied coverage; and (2) that the lower court erred in awarding appellees attorneys' fees in this declaratory judgment proceeding. We disagree with both contentions and, accordingly, affirm the order of the lower court.

Appellees owned and operated the Mr. Bojangles Bar in Wilkes-Barre, Pennsylvania. On June 3, 1974, the bartender, Robert Donnelly, and/or his brother, Richard, hosted a private party at the bar. The party was conducted without the knowledge or permission of appellees on a day on which the bar was not open for business. After the party, a guest, Lee Clark Kitzmiller, remained with the Donnellys to clean the bar. Subsequently, Kitzmiller left the premises and was killed when he lost control of his motorcycle and struck a utility pole. On August 2, 1974, the administrator of the Kitzmiller estate commenced an action in trespass against appellees by issuing a writ of summons. On August 5, appellees orally notified appellant, their insurer, of the service of the writ. By letter dated August 9, appellees gave formal notice and requested appellant to undertake defense of the underlying tort action.[1]

1. After appellant's refusal to undertake the defense and upon the completion of discovery, the administrator discontinued his action. On December 26, 1974, the administrator commenced a second trespass action by complaint which alleged that appellees had served, sold, furnished or gave alcoholic beverages to the decedent, a minor, while he was visibly intoxicated. Subsequently, an amended complaint added a cause of action which alleged that appellees negligent-

The insurance policy issued by appellant provided coverage for all bodily injury and property damage "caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto." Additionally, the policy provided that appellant "shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage...." The policy contained an exclusion which purported to deny coverage for bodily injury arising from an illegal sale of alcohol, or from the sale to a minor or to a person under the influence of alcohol.[2] Notwithstanding the fact that no complaint had been filed, appellant denied coverage in a letter stating:

> The allegations ... set forth by the attorney for the Plaintiff in the action against you which has been filed by Writ of Summons in Trespass in the Luzerne County Courts, are that you are negligent by the serving of alcoholic beverages to a minor and serving of alcoholic beverages to a visibly intoxicated person.

> The above mentioned policy which runs from the term of 7/8/73 to 7/8/74 does not provide any coverage regarding this claim.

ly assisted the decedent onto his motorcycle and assisted him in starting it. The record does not reflect the present status of this action.

2. The exclusion provides, in pertinent part:
This insurance does not apply: ...
(h) to bodily injury or property damage for which the insured or his indemnitee may be held liable
(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or
(2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed
(i) by, or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or
(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person; but part (ii) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above ....

I herewith return the Summons and respectfully decline any coverage under the aforementioned policy.

Because appellant repeatedly refused to undertake their defense, appellees engaged private counsel to defend the Kitzmiller action.

On June 17, 1976, while the Kitzmiller action was still pending, appellees filed a petition for declaratory judgment, seeking an adjudication of their rights under the policy and an award of counsel fees for the defense of the Kitzmiller action. On the basis of the pleadings and depositions, the lower court held that appellant was required to defend appellees.[3] After further proceedings, the lower court awarded appellees counsel fees and costs in the defense of the Kitzmiller action ($5,887.00) and in the prosecution of the declaratory judgment action ($12,024.25). This appeal followed.

Appellant contends that it had no duty to defend appellees in the Kitzmiller action because the policy excluded coverage for liability arising from the sale of alcohol to minors and persons under the influence of alcohol. Appellees argue, however, that even if the exclusion were applicable, appellant could not rely upon it because appellant failed to prove that appellees were aware of and understood the effect of the exclusion. We agree. In *Hionis v. Northern Mutual Insurance Co.*, 230 Pa.Super. 511, 516–17, 327 A.2d 363, 365–366 (1974), we held that an insurer has the burden of establishing the insured's awareness and understanding of an exclusion regardless of the clarity or ambiguity of the policy language. Because the insurer in that case failed to prove that the insured, a restaurateur, was aware of and understood the effect of the exclusion in his fire insurance policy, we affirmed the order of the lower court directing a

---

3. The lower court reasoned that while the exclusion constitutes an affirmative defense which the insurer must prove, any ambiguity in the policy must be construed against appellant. Because, by its express language, the exclusion applied only "if such liability is imposed," the lower court held that appellant was required to undertake appellees' defense in the Kitzmiller action. Because we affirm on an alternative ground, we express no view on the propriety of the lower court's analysis of the exclusionary clause.

verdict for the insured. In *Klischer v. Nationwide Insurance Co.*, 281 Pa.Super. 292, 422 A.2d 175 (1980), the lower court had instructed the jury that the insurer had the burden of proving its insured's awareness and understanding of an exclusion in an accidental death benefit rider. The jury returned a verdict for the beneficiary. In affirming, we stated:

We adhere to our view expressed in *Hionis*. The major premise upon which *Hionis* rests is the vast inequality of bargaining power between the insurer and the typical purchaser of insurance. As a direct result of that disparity, the insurer may dictate the terms and conditions of the policy. Whether the policy is clear and precise or whether it is oblique and ambiguous, the disparity between the parties remains the same. Moreover, the insured's primary interest, which is obtaining the maximum coverage for his insurance dollar, is no less valid when the policy is unambiguous than it is when the policy is obscure. The policies served by *Hionis* are particularly pertinent when, as here, the insured buys insurance expecting to be covered for certain risks.... Insurers are not unduly burdened by a requirement that they explain the exclusions of their policies to insureds so that the insured can make an informed decision either to assume the excluded risks or to obtain additional insurance to protect against them.

*Id.*, 281 Pa.Super. at 299, 422 A.2d at 178.

We conclude that appellant failed to meet its burden of establishing appellees' awareness and understanding of the exclusion. The record amply demonstrates that appellees Mohanco and Kelly, laymen with no special expertise in insurance matters, sought insurance which would provide full coverage for any liability that might arise from their operation of a tavern business. Moreover, the uncontroverted testimony of the agent who sold the policy reveals that appellant did not even attempt to call the exclusion to the attention of the appellees. Therefore, we hold that appellant cannot rely upon the exclusion to escape its duty to defend appellees in the underlying tort action.

Appellant contends that the lower court erred in awarding to appellees attorneys' fees and costs in the declaratory judgment action.[4] Appellant first argues that the Declaratory Judgments Act[5] contains no specific authorization for an award of attorneys' fees. While that is true, the Act has been "declared to be remedial . . . and is to be liberally construed and administered." 42 Pa.C.S.A. § 7541(a). Moreover, the Act provides for supplemental relief:

Further relief, based on a declaratory judgment or decree, may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant relief. If the application be deemed sufficient the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith.

42 Pa. C.S.A. § 7538. Similarly, 42 Pa. C.S.A. § 7541(b) provides: "Where another remedy is available the election of the declaratory judgment remedy . . . shall not affect the substantive rights of the parties, and the court may . . . take such other action as may be required in the interest of justice." Thus, we hold that the mere fact that this is a declaratory judgment action will not preclude an award of attorneys' fees and costs.

Appellant next contends that, as a general rule, each party to adversary litigation is required to pay his own

---

4. Appellant also contends that the lower court erred in awarding to appellees their attorneys' fees and costs in defending the Kitzmiller action. We disagree. Because our cases are well settled that in an action in assumpsit for the breach of a covenant to defend recovery includes the costs of hiring counsel and other costs of defense, the lower court properly awarded appellees attorneys' fees for the defense of the Kitzmiller action. *See Gedeon v. State Farm Mutual Automobile Insurance Co.*, 410 Pa. 55, 188 A.2d 320 (1963); *Cadwallader v. New Amsterdam Casualty Co.*, 396 Pa. 582, 152 A.2d 484 (1959); *University Club v. American Mutual Liability Insurance Co. of Boston*, 124 Pa.Super. 480, 189 A. 534 (1937). *See generally* Annot., 49 A.L.R.2d 694, 721–33 (1956).

5. 42 Pa. C.S.A. § 7531 *et seq.*, superseding The Uniform Declaratory Judgments Act, 12 P.S. § 831 *et seq.*

counsel fees and costs in the absence of statutory or contractual obligation. *See Chatham Communications, Inc. v. General Press Corp.*, 463 Pa. 292, 300–01, 344 A.2d 837, 842 (1975); *Defulvio v. Holst*, 239 Pa.Super. 66, 69–70, 362 A.2d 1098, 1099–1100 (1976). *Accord*, 16 G. Couch, Insurance 2d § 58:113 (1966). Another author has noted, however, that the general rule is unfair to the insured who is compelled to litigate the question of policy coverage.

> [The general rule, that a litigant is to bear his own attorneys' fees,] still appears to be unfair to the insured. After all, the insurer had contracted to defend the insured, and it failed to do so. It guessed wrong as to its duty, and should be compelled to bear the consequences thereof. If the [general] rule . . . should be followed . . . , it would actually amount to permitting the insurer to do by indirection that which it could not do directly. That is, the insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can force him into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right mentioned above. . . .

7C J. Appleman, Insurance Law & Practice, § 4691 (Berdal ed. 1979). *Accord, Montgomery Ward & Co. v. Pacific Indemnity Co.*, 557 F.2d 51, 60 (3d Cir. 1977); *Security Mutual Casualty Co. v. Luthi*, 303 Minn. 161, 169–171, 226 N.W.2d 878, 884–85 (1975); *Motorists Mutual Insurance Co. v. Trainor*, 33 Ohio St.2d 41, 46–47, 294 N.E.2d 874, 877–878 (1973). We agree that it would be anomalous to allow an insured attorneys' fees expended in defense of the underlying tort action but to deny the fees in an action brought to vindicate the contractual duty to defend.

Although federal courts, applying Pennsylvania law, have addressed this issue,[6] no appellate court of this Common-

---

**6.** *See Montgomery Ward & Co. v. Pacific Indemnity Co., supra; Mattocks v. Daylin, Inc.*, 452 F.Supp. 512 (W.D.Pa.1978), *aff'd mem.*, 614 F.2d 770 (3d Cir. 1979).

wealth has considered the propriety of awarding attorneys' fees to an insured who brings a declaratory judgment action against his insurer to enforce the contractual duty to defend. There is, however, a split of authority among the jurisdictions which have addressed the question. Although several courts have denied recovery,[7] other courts, utilizing a variety of theories, have allowed the insured to recover his attorneys' fees for the prosecution or defense of a declaratory judgment action. In *Morrison v. Swenson*, 274 Minn. 127, 142 N.W.2d 640 (1966), an insurer refused to defend a tort action arising from an automobile accident. The insured brought a third-party action in the nature of a declaratory judgment. The lower court held that the insurer had a duty to defend the insured and awarded the insured attorneys' fees for the prosecution of the action against the insurer. In affirming, the Court acknowledged the general rule against recovering attorneys' fees absent specific statutory authority, but stated nonetheless:

> [T]his action is in the nature of an action to recover damages for the breach of contract. Legal fees incurred in the declaratory judgment action were damages arising directly as the result of the breach. We think that the injured party in an action of this kind ought to be permitted to recover whatever expenses he has been compelled to incur in asserting his rights, as a direct loss incident to the breach of contract. See, 7A Appleman, Insurance Law and Practice, § 4691.

*Id.* at 137, 142 N.W.2d at 640. *Accord, New Hampshire Insurance Co. v. Christy*, 200 N.W.2d 834, 843–44 (Iowa 1972); *Bankers & Shippers Insurance Co. of New York v. Electro Enterprises, Inc.*, 287 Md. 641, 647–649, 661–662, 415 A.2d 278, 282–83, 289 (1980); *Cohen v. American Home*

---

7. *E. g., O'Morrow v. Borad*, 27 Cal.2d 794, 801, 167 P.2d 483, 487 (1946); *Fazzino v. Insurance Co. of North America*, 153 Cal.App.2d 304, 309, 313 P.2d 178, 181 (1957); *Mighty Midgets, Inc. v. Centennial Insurance Co.*, 47 N.Y.2d 12, 21–22, 389 N.E.2d 1080, 1084–1086, 416 N.Y.S.2d 559, 563–565 (1979); *Cincinnati Insurance Co. v. Shelby Mutual Insurance Co.*, 542 S.W.2d 822, 825 (Tenn.App.1975). *See generally* 7C J. Appleman, *supra* at § 4691; 16 G. Couch, *supra* at § 58:113.

*Assurance Co.,* 255 Md. 334, 362–363, 258 A.2d 225, 239 (1969); *Motorists Mutual Insurance Co. v. Trainor, supra,* 33 Ohio St.2d at 46–47, 294 N.E.2d at 877–878; *Gordon-Gallop Realtors, Inc. v. The Cincinnati Insurance Co.,* —— S.C. ——, ——, 265 S.E.2d 38, 40 (1980); *Hegler v. Gulf Insurance Co.,* 270 S.C. 548, 549–550, 243 S.E.2d 443, 444 (1978).

In *New Hampshire Insurance Co. v. Christy, supra,* the Supreme Court of Iowa held that the mere showing of a breach of the insurance contract was not a sufficient justification for the award of attorneys' fees. The Court required additionally that the insured show that the insurer's denial was in bad faith. The Court stated:

> We are convinced the true rule should be that an insurer who refuses, contrary to its contractual obligation, to defend a third-party action against its insured on the ground the policy involved affords no coverage is liable for attorney fees incurred by the insured in defense of the action brought against him. But, *this general rule does not serve to sustain an award for expenses incurred in an action to establish insurance coverage unless there is a showing made in the declaratory judgment action that the insurance company has acted in "bad faith or fraudulently or was stubbornly litigious."* . . .

200 N.W.2d at 845 (emphasis added). *Accord, Montgomery Ward & Co. v. Pacific Indemnity Co., supra* at 60; *Fidelity & Casualty Co. of New York v. Riley,* 380 F.2d 153, 156 (5th Cir. 1967); *Mattocks v. Daylin, Inc., supra* at 516; *Maryland Casualty Co. v. Sammons,* 63 Ga.App. 323, 326–27, 11 S.E.2d 89, 91–92 (1940); *Glidden v. The Farmers Automobile Insurance Ass'n.,* 57 Ill.2d 330, 339, 312 N.E.2d 247, 252 (1974); *American States Insurance Co. v. Walker,* 26 Utah 2d 161, 164–165, 486 P.2d 1042, 1044 (1971).[8]

We agree with the rationale of the Supreme Court of Iowa as stated in *New Hampshire Insurance Co. v.*

8. *Cf. Hayes v. Erie Insurance Exchange,* 261 Pa.Super. 171, 176–77, 395 A.2d 1370, 1373 (1978) (insured not entitled to an award of attorneys' fees from his no-fault insurer absent a showing of bad faith).

*Christy, supra,* and hold that an insured who is compelled to bring a declaratory judgment action to establish his insurer's duty to defend an action brought by a third party may recover his attorneys' fees incurred in the declaratory judgment action if the insurer has, in bad faith, refused to defend the action brought by the third party.[9]  Because the lower court specifically found that appellant's refusal to defend the Kitzmiller action was unreasonable and in bad faith, the award of the attorneys' fees for the prosecution of the declaratory judgment action was proper.[10]

Order affirmed.

CERCONE, President Judge, files a concurring opinion.

WATKINS, J., files a dissenting opinion.

CERCONE, President Judge, concurring:

I am in thorough agreement with the decision in this case; it correctly sets out the law in Pennsylvania on the questions before us today.  I have my reservations, however, about Judge Hoffman's reliance on *Klischer v. Nationwide Ins. Co.,* 281 Pa.Super. 292, 422 A.2d 175 (1980).  In *Klischer* suit was brought by the decedent's beneficiary to a life insurance policy following accidental death in an airplane crash.  The life insurance policy involved contained a clause excluding the insurer's liability in the case of injury or death in an

9. In so holding, we do not decide whether an insured who sues his insurer may recover his attorneys' fees absent a pending action brought by a third party against the insured.  *See Abbey v. Farmers Insurance Exchange,* 281 Minn. 113, 160 N.W.2d 709 (1968) (attorneys' fees not allowed when insured sued to recover disability benefits denied by insurer).

10. Appellant also contends that the award of attorneys' fees and costs incidental to the prosecution of the declaratory judgment action was excessive.  We disagree.  The reasonableness of attorneys' fees is a matter committed to the sound discretion of the lower court whose decision will be disturbed only if there is a clear abuse of discretion.  *See, e. g., LaRocca Estate,* 431 Pa. 542, 547–49, 246 A.2d 337, 339 (1968).  The record shows that the fees and costs were $12,024.25, were reasonable and necessary, and were actually incurred.  We cannot conclude, on the present record, that the lower court abused its discretion.

airplane accident. The plaintiff succeeded in having testimony admitted concerning statements the decedent made about the extent of his insurance coverage. The *Klischer* panel held that the lower court did not err in admitting this testimony since it violated neither the parol evidence rule nor the evidentiary rules barring hearsay. My concern is over the hearsay question.

*Klischer* holds that a hearsay declaration by a decedent concerning the extent of his coverage under an insurance contract is admissible to prove circumstantially that the decedent had no knowledge of an exclusionary provision in the contract based on the state of mind exception to the hearsay rules. I think this holding is erroneous. Of the state of mind exception to the hearsay rule, Professor McCormick says the following:

> The substantive law often makes legal rights and liabilities hinge upon the existence of a state of mind or emotion in a person involved in the transaction in question. Where this is so, and a legal proceeding arises from the transaction, the pleadings may put in issue such mental state. To ascertain it becomes an ultimate object of search. The intent or ill-will or the like is not sought to be proved as circumstantial evidence of the person's earlier or later conduct but as an operative fact upon which a cause of action or defense depends. Ascertainment of the state of mind is an end in itself. *McCormick on Evidence*, 568.

The hearsay was admitted to prove not an operative fact but came in as circumstantial evidence to prove the decedent's lack of knowledge of the exclusionary provision and consequently, the insurance company's failure to inform him of the exclusion. Inasmuch as the case before us does not involve such a hearsay question, the majority's citation of *Klischer* should not be read as an endorsement of its hearsay analysis. In any event, my reservations as to the *Klischer* decision should in no way be understood to affect my support for the holding in the instant case.

WATKINS, Judge, dissenting:

This is an appeal from the Court of Common Pleas of Luzerne County, Civil Division, involving the appellant insurance company's appeal from a declaratory judgment entered against it by the court below on December 22, 1978. The court below ruled that the insurance carrier was responsible for defending a claim against its insured in a tort action and awarded attorney's fees and costs to the insured in the amount of $5887 for defense of the tort action and $12,024.25 for the declaratory judgment action.

On June 3, 1974, one Robert Donnelly was employed by the petitioner, Kelmo Enterprises, Inc., as a bartender at the Mr. Bojangles' Bar operated by Kelmo. On said date Donnelly and his brother hosted a private party in the bar while the bar was not open for business. Apparently this party was conducted without the knowledge of Kelmo. After the party ended, one Lee Clark Kitzmiller, allegedly a guest at the party, remained with the Donnellys to clean up the bar. Upon leaving the premises Kitzmiller mounted his motorcycle and proceeded to drive away from the premises. Some time later Kitzmiller lost control of the motorcycle, struck a utility pole and died as a result of the accident.

On August 2, 1974, the Administrator of Kitzmiller's estate, commenced an action in trespass against Kelmo in the Court of Common Pleas of Luzerne County. The action was commenced by the issuing of a writ which was served on Kelmo on August 5, 1974. Kelmo notified its insurance carrier of the writ on the same day. On August 9, 1974, the appellant insurance carrier was notified of the facts of Kitzmiller's death, as set forth above, by a letter written to it by Kelmo's attorney. The letter requested appellant to enter into and undertake the defense of the tort action on behalf of Kelmo. On August 16, 1974 a representative of appellant spoke by telephone with Kitzmiller's attorney and was advised that the plaintiff's cause of action was based upon allegations to the effect that Kitzmiller was served alcoholic beverages while he was a minor and was visibly intoxicated. On August 19, 1974 the appellant wrote to

Kelmo advising it that coverage was excluded under the terms of the insurance policy.

Plaintiff discontinued the lawsuit initiated by the summons on December 16, 1974 and on the same date filed a complaint against Kelmo. George Mohanco and Brian Kelly, owners of Kelmo were also sued. On October 17, 1975, plaintiff filed a second Amended Complaint adding a third cause of action which alleged that an agent of Kelmo's carried Kitzmiller from the premises, placed him upon his motorcycle and proceeded to start it for him.

On June 17, 1976, prior to the trial of the matter, Kelmo, Mohanco and Kelly (hereinafter referred to jointly as Kelmo) filed a petition for declaratory judgment against appellant alleging the facts recited above, and requesting an adjudication of their rights under the insurance policy and requesting an award of counsel fees and costs. Depositions were subsequently taken of various witnesses and on August 14, 1978 the court below ruled that appellant was required to provide a defense for Kelmo under the terms of the policy and awarded Kelmo the sum of $2,500 for counsel fees incurred. On August 23, 1978 the court below filed an amended Order revoking the Order of August 14, 1978 and establishing August 29, 1978 as the date for a hearing to determine the amount of the counsel fees to be awarded to Kelmo. On August 24, 1978 appellant took this appeal. On December 22, 1978 the court below modified its order regarding counsel fees and awarded Kelmo counsel fees in the amount of $5887.00 to defend the tort action and $12,024.25 for the declaratory judgment action.

The basis of the appellant's refusal to defend the tort action maintained against its insured is an exclusion in the insurance policy. The said exclusionary language provides as follows:

"EXCLUSIONS

This insurance does not apply:

... (h) to bodily injury or property damage for which the insured or his indemnitee may be held liable (1) as a person or organization engaged in the business of manu-

facturing, distributing selling or serving alcoholic beverages or

(2) if not so engaged, as an owner or lessor of premises used for such purposes, *if such liability is imposed*

(i) by or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;

but part (ii) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above. . ." (Emphasis Ours)

Since plaintiff's cause of action alleged negligence on the grounds that Kitzmiller was served while visibly intoxicated and that he was a minor appellant takes the position that it was correct in refusing to extend coverage to Kelmo and that the lower court erred when it ruled otherwise and awarded counsel fees to Kelmo. Appellant also claims that the award of counsel fees was excessive, punitive, and was not supported by any statutory authority. Kelmo argues that the phrase in the insurance policy "if such liability is imposed" requires an adjudication of the matter on the merits before appellant may rely on the exclusion. Kelmo also argues that even if the exclusionary language clearly applies to the instant situation that it should not be given effect because there is nothing on record indicating that appellant brought the exclusion to the attention of Kelmo and that appellant failed to explain it to them. The court below ruled that "the phrase, *If such liability is imposed,* sets out a condition precedent which must be satisfied before the exclusion is operative." Thus, the court below held that before appellant could assert the exclusion there must have been an adjudication to the effect that the liability of the insured was predicated upon either of the conditions mentioned above. As such the court never addressed Kelmo's second contention.

Exceptions to a general liability insurance policy are to be strictly construed against the insurance carrier which wrote the policy. *Frisch v. State Farm Fire & Casualty Company*, 218 Pa.Super. 211, 275 A.2d 849 (1971). This is so because insurance contracts have been viewed under the law as contracts of "adhesion", where the insurer prepares the policy for a purchaser having no bargaining power. As such any ambiguity of language in the insurance contract is to be strictly construed against the insurer. *Hionis v. Northern Mutual Insurance Company*, 230 Pa.Super. 511, 327 A.2d 363 (1974). When a defense is based on an exception or exclusion in an insurance policy, such a defense is an affirmative one, and the burden is on the insurance carrier to establish it. *Weissman v. Prashker*, 405 Pa. 226, 175 A.2d 63 (1961). Kelmo also argues that even where a policy is written in unambiguous terms, the burden of establishing the applicability of an exclusion or limitation involves proof that the insured was aware of the exclusion or limitation and that the effect thereof was explained to him. Kelmo cites *Hionis*, supra, in support of this position. In *Hionis*, supra, however, the insurance carrier attempted to assert an exclusion to a general liability policy which covered improvements that the insured had made in a restaurant. The exclusion reduced the amount of the coverage thereto in the event that the insured failed to repair or replace those improvements within a reasonable amount of time after a loss. A fire completely destroyed the restaurant and the improvements. The insurance carrier then attempted to assert the exclusion thereby reducing the amount it would have to pay to the insured on the loss because the insured did not repair or replace the improvements. However, it was proven at trial that the insured had attempted to replace the improvements but could not obtain financing for same, that the agents who sold the insured the policies testified that the insured was a "reluctant buyer" of the policy, that the policy contained co-insurance provisions which further complicated the already confusing language of the insurance policy which covered the insured in the amount of $49,500 but reduced the amount of coverage if the premises were "not

repaired or replaced within a reasonable time after such loss" to the extent of "that portion of the original cost at the time of installation of the damaged or destroyed improvements and betterments, which the unexpired term of the lease at the time of the loss bears to the period(s) from the date(s) such improvements and betterments were made to the expiration date of the lease." Asserting this language the insurance carrier offered the insured $12,733.86 for the total loss, instead of the $49,500 amount. Under those circumstances we held that the insurance carrier had the burden of establishing that it had explained to the insured the type and amount of coverage that the insured was getting for his money. That case differs from the instant one, however, because in *Hionis* the issue at hand was the applicability of a very complicated formula (in the policy) for determining the *amount* of coverage that the insured had while in the instant case the issue is whether the insured had *any* coverage *at all*. The latter situation (assuming the insurance contract language to be unambiguous) is clearly more easily understandable to a layman than is the former. Thus, the burden on an insurance carrier of establishing an exclusion in an insurance policy contract diminishes as the subject matter of the insurance policy becomes more simple and more easily comprehended. I would refuse to impose a burden upon insurance carriers which requires them to affirmatively prove that the insured completely understood every provision in the insurance policy before an exclusion could be asserted because such a burden is an impossible one to carry in such a situation. All an insured has to do to extend the coverage for which he contracted beyond the terms of the policy is to feign ignorance of the exclusionary language's meaning for then the exclusion could not be asserted. Such a rule rewards ignorance and/or dishonesty since the exclusion applies only to insureds who admitted that they understood the insurance policy's terms. I also note that because of the varying degrees of human intelligence it is quite probable that some insureds may never be able to grasp the concepts set forth in their insurance contracts no matter how painstakingly the policy language is

explained to them. For these reasons I would hold that where the language of an insurance policy is unambiguous, deals with concepts which are relatively uncomplicated (e. g. whether damages inflicted by a particular understandable event or occurrence comes within the orbit of coverage offered under the policy), and is set forth in terms ordinarily understandable to the average person the insurance carrier may carry its burden of establishing an exclusion to the coverage merely by proving the existence of such language in the insurance contract.

Under the facts of the instant case I note that the exclusion is set forth in terms understandable to the average person and that the concept involved (excluding damages or injuries occasioned by reason of serving alcoholic beverages to minors or visibly intoxicated persons) is one which is relatively uncomplicated. Thus, the sole issue that I would consider is whether the exclusionary language was ambiguous.

The court below held that the phrase of the insurance policy contract wherein it is stated that the aforesaid exclusions apply "if such liability is imposed" by the reason of the serving of minors or visibly intoxicated person sets out a condition precedent which must be satisfied before the exclusion is operative. I do not agree. Under that interpretation of the contract language there would have to be an adjudication establishing that the insured's liability was predicated upon one of the sets of circumstances set forth in the contract as "exclusions" before the insurer could assert the exclusion. Such a situation places the insurance carrier in the untenable position of defending a case in which the imposition of liability upon the insured on the grounds asserted in the plaintiff's complaint would relieve the insurer of the duty to pay. This would place the insured in a vulnerable position as his best interests would not be served under such circumstances as it would be within the interests of his insurer, who is providing for his defense, to establish liability on any set of facts which would be covered by exclusionary language in the insurance contract. When the

basis of the plaintiff's complaint clearly asserts a theory of liability which would exclude insurance coverage the insurance carrier has no duty to defend the case as the obligation to defend suits against the insured extends only to situations where insurance against liability is covered by the terms of the policy. *Wilson v. Maryland Casualty Company,* 377 Pa. 588, 105 A.2d 304 (1954). An insurance carrier upon issuing a policy, does not agree to defend any and all types of claims which may be asserted against the insured but is only bound to defend suits and pay claims which are within the scope of the coverage provided by the insurance policy. The carrier may also exclude certain losses from coverage as long as the exclusionary language is clear and unambiguous. See *Warner v. Employers' Liability Assurance Corp.*, 390 Pa. 62, 133 A.2d 231 (1957); *Dennis v. New Amsterdam Casualty Company*, 216 Pa.Super. 320, 264 A.2d 436 (1970).

It is certainly clear that in the instant case the basis of the insured's liability, as set forth in the Complaint, is that the deceased, a minor, was served alcoholic beverages while visibly intoxicated. It is equally as clear that the exclusionary language of the insurance contract removes from coverage liability arising from the serving of alcoholic beverages to minors and/or visibly intoxicated persons. Thus, it is apparent that the insurance policy does not require the insurer to pay losses arising out of either such instance. To hold that the insurer is obligated to defend the suit but is not obligated to pay any losses arising therefrom would be to place both the insured and the insurer in the untenable situation discussed previously.

Turning to the phrase in question we note that *Webster's New International Dictionary, Second Edition* defines the word "impose" to means: "1. To charge; impute . . . 2.a to subject (one) to a charge, penalty or the like. b. To lay as a charge, burden, tax, duty, obligation, command, penalty, etc.; to enjoin, levy; inflict. . ."

The phrase does not establish a condition precedent (that being that there be an *adjudication* of liability) to the assertion of the exclusion. Had the phrase read "if such

liability has been imposed" it would convey the meaning attributed to it by the insured. Reading as it does I do not construe it to require an adjudication of liability before the exclusion may be asserted since the wording of the phrase does not specifically so provide and because there are valid policy reasons, as discussed above, for holding otherwise. I note that the instant case is not one where the language setting forth the *acts* which constitute the *exclusion* is alleged to be ambiguous but is a situation wherein the language setting forth the *time when* the exclusion may be asserted is questioned. For the reasons stated above I would hold that the insurer in the instant case had no duty to defend the suit. Nor would I hold that the insurer manifested bad faith when it refused to defend prior to the filing of the complaint as the record makes it clear that the insurer had a detailed knowledge of the basis of the action prior to that time which was acquired by its conversations with plaintiff's attorney and by the August 9, 1974 letter sent to it by Kelmo's attorney.

Finally, I fail to see how plaintiffs' amended complaint sets forth a new cause of action when it alleged that Donnelly helped the deceased onto the motorcycle and started it for him. Any negligence attributed to such an act draws its essence from the fact that the deceased was visibly intoxicated and was served alcoholic beverages in that condition, as was alleged in the Complaint. Helping a person onto a motorcycle and starting it for him are not negligent acts, in themselves. It is only when the plaintiff alleges that the decedent was visibly intoxicated at the time that the complaint alleges a possible negligent act. The Complaint also alleges negligence for serving the decedent alcoholic beverages as a minor and while he was visibly intoxicated. The decedent's allegedly visibly intoxicated condition, therefore, is inextricably intertwined with the acts which were subject to the exclusionary language of the insurance policy. For that reason I would hold that the Amended Complaint does not set forth a new cause of action which would remove the matter from the exclusionary clause.

For all the above reasons, I would distinguish this situation from the *Hionis* case and would reverse the decision of the court below granting the relief sought by the appellees in the declaratory judgment action and hold that the insurer, upon the face of the complaint, had no duty to either pay losses arising out of the decedent's death nor to defend the suit in trespass brought against the insured.