## Page v. Allstate Insurance Co.

*Harry J. Bradley,* for plaintiff.
*Richard C. Slama, Jr.,* for defendant.

SEMERARO, *J.,* November 23, 1982—This is a declaratory judgment action wherein plaintiff Edith Page sought an order declaring defendant Allstate's duty to defend her against the claims of plaintiff in the underlying action of Thomas J. Farraday v. Joseph P. Bradley, Joyce v. Bradley, James P. Bradley and Edith Ann Page, no. 80-3767. An order declaring such duty was entered by this court on August 5, 1982, after agreement of counsel that the matter be decided on briefs submitted to the court. Those briefs and the pleadings constitute the record in this matter. Allstate has appealed from that order thereby necessitating the writing of this opinion.

On the date of the incident on which the Farraday matter is based, plaintiff Edith Page, a minor not yet licensed to drive an automobile, lived with her father. She was driving an automobile owned by

Joseph P. and Joyce V. Bradley when that car came into contact with Thomas Farraday causing him bodily injury. Upon being serviced with the Farraday complaint, Ms. Page notified Allstate Insurance Company with which company the Bradleys as well as Henry Page, Edith Page's father, had policies of automobile insurance. Defendant has asserted that Ms. Page is not an insured and thereby not entitled to a defense by Allstate.

The Farraday complaint alleges, inter alia, that plaintiff Edith Page operated the Bradley automobile on the date of the incident ". . . with the express and/or implied permission, consent and approval . . ." of the Bradleys.

The Bradley Allstate insurance policy provides coverage to persons using their automobile with their permission. The Page Allstate policy provides coverage to residents of the Page household using four wheel passenger automobiles belonging to others with the owner's permission.

By its contract of insurance, defendant Allstate agrees to defend the insured against any suits arising under the policy even if such suit is groundless, false, or fraudulent. Our courts have long held that the obligation to defend arises whenever the complaint filed by the injured party may potentially come within the coverage of the policy. Gedion v. State Farm Mutual Automobile Insurance Company, 410 Pa. 55, 188 A. 2d 582, 152 A. 2d 484 (1959).

Defendant Allstate cites the court to portions of the deposition testimony of the Bradleys taken in the Farraday case arguing that Edith Page did not have permission to drive the Bradley car and is not, therefore, an insured under either the Page or Bradley policies. This court has reviewed the total record before us. It is our conclusion that the com-

plaint filed by Farraday against Edith Page "may be within the policy" whereby the carrier has a duty to defend. Barber v. Harleysville Mutual Insurance Company, _____Pa. Super._____, 450 A. 2d 718 (1982).

Defendant argues in regard to Edith Page's status as a "viable insured," under defendant's policies. Such is not the issue. There may well be no obligation to indemnify Ms. Page. Such obligation is, however, separate from defendant's duty to provide a defense. Gedion v. State Farm Mutual Automobile Insurance Company, supra.

In accordance with our finding that the Farraday complaint may potentially come within the coverage of the policies, we declared defendant Allstate's duty to defend her and hereby affirm that order.

Plaintiff herein seeks counsel fees and costs because she had to retain counsel to defend her in the underlying trespass action and for prosecution of this declaratory judgment action. Having declared that defendant Allstate has a duty to defend Ms. Page in the Farraday matter and finding that the statement of counsel fees and costs amounting to $1,098 for such defense is reasonable, we followed the well settled practice in this Commonwealth in awarding plaintiff the $1,098 expended in defense of that action.

As to plaintiff's claim for counsel fees for prosecution of this declaratory judgment action, plaintiff did not plead bad faith on the part of defendant insurer. Nor did we find that defendant acted in bad faith. We therefore denied plaintiff's claim for fees and costs associated with prosecution of this action. In doing so we are in accord with the principle established by the Pa. Superior Court in Kelmo Enterprises v. Commercial Union Insurance Company and William Kitzmiller, Administrator of the

Estate of Lee Clark Kitzmiller, Deceased, 285 Pa. Super. 13, 426 A. 2d 680 (1981).

## ORDER

And now, November 22, 1982, this court having declared on August 5, 1982, that defendant Allstate Insurance Company has a duty to defendant plaintiff herein as defendant in Civil Action no. 80-3767; and counsel for plaintiff having moved this court for an award of counsel fees incurred in defending such action as well as for prosecution of this declaratory judgment action, it is ordered and decreed that plaintiff Edith Ann Page's prayer for fees and costs incurred in prosecuting the instant declaratory judgment action is hereby denied.