# Township of Center v. Nationwide Mutual Insurance Company

C.P. of Butler County, A.D. no. 00-10797.

*Michael D. Hnath,* for plaintiffs.
*L. John Argento,* for defendants Nationwide.
*J. Elise Tourek,* for defendant PennDOT.
*Daniel C. Lawson,* for defendant Wiest.
*Brian Kadlubek,* for defendants Brough.

SHAFFER, *J.,* December 21, 2001—Before the court is plaintiffs' motion for summary judgment and defendants' Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company cross-motion for summary judgment. For the reasons set forth below, plaintiffs' motion for summary judgment is granted and defendants' cross-motion for summary judgment is denied.

John and Joyce Brough sued Olsen Engineering, Wiest Asphalt, Center Township, and PennDOT, claiming Wiest applied a defective asphalt mixture to a road in Center Township which made the road smooth and slippery during wet weather, which caused John Brough's auto accident.

Defendants Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company issued a commercial general liability policy to Center Town-

ship. Ron Olsen, a defendant in the underlying case, is the township engineer for Center Township. Center Township made a claim under the insurance policy to have Nationwide defend Olsen in the Brough case. Nationwide responded that Olsen was not covered under the policy. The Center Township Board of Supervisors then voted to provide Olsen with a defense and indemnify him as a township employee.

Plaintiffs sued for a declaratory judgment that Olsen is insured under the policy, that Nationwide has a duty to defend and indemnify Olsen, and that Nationwide should reimburse Center Township for all expenses incurred to date in defending the underlying action and in pursuing this declaratory judgment.

Plaintiffs filed a motion for summary judgment. Defendants filed a cross-motion for summary judgment. The insurance policy covers "executive officers." Plaintiffs argue that Olsen, as township engineer, was an executive officer. Defendants disagree. Since both parties have stipulated that there is no genuine issue of material fact, the only issue before the court is whether Ron Olsen, the township engineer for Center Township, is an "executive officer" and thus covered under the Nationwide insurance policy.

When interpreting an insurance policy, courts must give the words their plain and proper meaning. *Monti v. Rockwood Insurance Co.,* 303 Pa. Super. 473, 450 A.2d 24 (Pa. Super. 1982). The court must focus on the contract in its entirety, not just the clause being interpreted. *Everett Cash Mutual Insurance Co. v. Krawitz,* 430 Pa. Super. 25, 633 A.2d 215 (1993). The proper focus

when interpreting an insurance policy is the reasonable expectation of the insured. *Dibble v. Security of America Life Insurance Co.,* 404 Pa. Super. 205, 590 A.2d 352 (1991).

Under section II of the insurance policy, Center Township, as an "organization other than a partnership or joint venture" is covered to the following extent: "Your 'executive officers' and directors are insureds, but only with respect to their duties as your officers or directors." The policy defines an "executive officer" as "a person holding any of the officer positions created by your charter, constitution, bylaws, or any other similar governing document."

Both parties agree that the "similar governing document" of Center Township is the Second Class Township Code. The Code states "The board of supervisors may appoint and determine the compensation of a township engineer who shall be a registered professional engineer. The township engineer serves at the pleasure of the board of supervisors." 53 P.S. §66201. Plaintiffs argue this clause demonstrates that the township engineer is a person holding an officer position created by a "similar governing document"—the Second Class Township Code.

Defendants argue that since 53 P.S. §65402 lists the "officers to be elected," but does not list the township engineer, that the township engineer is not an officer. However, section 65402 only lists elected officers, not appointed officers. Since the township engineer is appointed, not elected, his non-inclusion in this list is not dispositive that he is not an officer.

Defendants argue that the language of the Second Class Township Code also demonstrates that the township engineer is not an executive officer. Specifically, defendants argue that "the board of supervisors may appoint . . . a township engineer." 53 P.S. §66201 shows the township engineer is not essential to township government, and thus not an officer. However, nothing in the law or in common definitions of "officer" requires all officers to be essential to township government.

Defendants further argue that the clauses "The township engineer serves at the pleasure of the board of supervisors" 53 P.S. §66201, and "The township engineer shall perform duties as the board of supervisors may direct" 53 P.S. §66202, prove that the township engineer serves as an advisor, thus has no policy-making function, and is therefore not an executive officer. *Holm v. Mutual Service Casualty Insurance Co.*, 261 N.W.2d 598 (1977); *Cerino v. Township of Palmer*, 265 Pa. Super. 1, 401 A.2d 770 (1979). However, *Holm* is not controlling in this court. The court in *Holm* warns that its definition of an executive officer as a policymaker is not a set legal definition, but is only a guideline, and that the case law defining "executive officer" is very confused and falls along policy lines rather than precedential lines. Also, the court in *Cerino* does not equate policy-making with being an executive officer, but only determines that the township engineer in that case was not protected by governmental immunity because he was not a policymaker.

The court is persuaded by the following definition of "officer": "where the duties are continuing ones which are defined by government-prescribed rule and not by contract, and the government-appointed individual per-

forms these duties without any contract defining them, if the duties continue even though the person performing them changes, it is difficult to distinguish such employment from an office, or the person performing the duties from an officer." 3 McQuillin, Municipal Corporations (3 ed.) §12.30.

In this case, Olsen's duties were defined by government prescribed rule—the Second Class Township Code. There is no evidence of a contract defining his duties. Also, the position of township engineer and the related duties would continue even though the person performing them changes. It follows from this distinction that Olsen, as township engineer, is an officer. And since his position was created by the Second Class Township Code, the governing document of Center Township, Olsen fits the definition of "executive officer" in the insurance policy—"a person holding any of the officer positions created by your charter, constitution, bylaws, or any other similar governing document."

After considering the above arguments, it is still unclear whether Olsen, as township engineer, is an "executive officer" as defined by the insurance policy or by the Second Class Township Code. Neither plaintiffs nor defendants have proven with any substantial degree of certainty whether Olsen is an "executive officer." The insurance policy does not clearly define what an "executive officer" is. The Second Class Township Code does not define "officer," nor does it say which positions in a second class township are officer-level and which are not. There is no controlling legal authority on this issue. McQuillin's book on municipal corporations is persuasive but not dispositive.

The term "executive officer" in the insurance policy is ambiguous and subject to different interpretations. In doubtful cases such as this, the term should be liberally construed in favor of the insured, and the courts should find coverage for the insured. *Techalloy Company Inc. v. Reliance Insurance Co.,* 338 Pa. Super. 1, 487 A.2d 820 (1984). An insurer must defend any suit in which from the face of the complaint there exists actual or *potential* coverage. *Id.* Accordingly, the term "executive officer" is construed in favor of the insured. Plaintiffs' motion for summary judgment is granted, and defendant's cross-motion for summary judgment is denied. Ronald Olsen, the township engineer for Center Township, is an executive officer as the term is defined in the Nationwide Insurance policy held by Center Township.

Plaintiffs also request reimbursement for costs, expenses, and legal fees incurred in defending Olsen in the underlying action. Since in the present opinion the court finds that Nationwide is responsible for defending Ronald Olsen in the underlying action, the court accordingly finds that Nationwide must reimburse Center Township for all expenses incurred to date in defending Ronald Olsen in the underlying action—A.D. no. 97-10301.

Plaintiffs also request reimbursement for costs, expenses, and legal fees incurred in bringing the present declaratory judgment action. An insured who brings a declaratory judgment action to establish his insurer's duty to defend an action brought by a third party may recover his attorneys' fees incurred in a declaratory judgment action if the insurer has, in bad faith, refused to defend against an action brought by a third party. *Kelmo Enterprises Inc. v. Commercial Union Insurance Co.,* 285 Pa.

Super. 13, 426 A.2d 680 (1981). In this case, defendants Nationwide did not act in bad faith when refusing to defend Olsen. Although this court ruled against defendants, defendants did have a reasonable basis for their position that Olsen was not covered by their policy. Defendants did not act in bad faith, thus attorneys' fees and costs for pursuing this declaratory judgment are not recoverable.

## ORDER

And now, December 21, 2001, upon presentation of plaintiffs' motion for summary judgment and defendant Nationwide's cross-motion for summary judgment, it is hereby ordered that plaintiffs' motion is granted and defendants' motion is denied. It is further ordered and declared that Ronald Olsen, the township engineer of Center Township, is an insured under the general liability policy no. 54PR021684-007. Defendant Nationwide Mutual Fire Insurance Company has a duty under this policy to defend Ronald Olsen in the underlying civil action docketed at A.D. no. 97-10301, and is responsible to bear all costs of such defense, and to indemnify Ronald Olsen from and against any and all liability arising out of this underlying civil action to the limits of the applicable policy.

It is further ordered that plaintiffs' request for costs, expenses and legal fees incurred to date in defending Olsen in the underlying action is granted. Plaintiffs' request for costs, expenses and legal fees incurred in pursuing this declaratory judgment action is denied.