CLARA M. WYMORE, ADMINISTRATRIX OF THE ESTATE OF
MAX E. WYMORE, DECEASED, APPELLEE, v. FARMERS MUTUAL
INSURANCE COMPANY OF NEBRASKA, A CORPORATION,
APPELLANT.

157 N. W. 2d 194

Filed March 15, 1968.    No. 36753.

Ray C. Simmons, for appellant.

Kerrigan, Line & Martin, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH,
SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Plaintiff claimed benefits under medical payment provisions of an insurance policy issued by defendant to homeowners. Plaintiff recovered judgment, and defendant has appealed. The parties disagree on the meaning of an exclusion clause.

The claim was based on accidental injury to Max E. Wymore at the home of the policyholders, Darrell D. and B. L. DeVoe. Wymore had fallen off a ladder while performing an independent contract to repair the roof of

the DeVoe home. Resultant injuries caused his death on June 22, 1966, 2 days after the fall.

Insuring agreements in Section II of the policy covered the accidental injury unless the event fell within exclusion clause (g) (3) which reads: "Section II * * * Does Not Apply: * * * (g) * * * to bodily injury to * * * (3) any person * * * if such person * * * is on the premises because of a business conducted thereon, or is injured by an accident arising out of such business."

Wymore was not on the DeVoe premises because of a business conducted there. "Because of" means "by reason of: on account of." Webster's Third New International Dictionary (Unabr. Ed. 1961), p. 194. See, also, Random House Dictionary (Unabr. Ed. 1966), "because," p. 132. The phrase does not signify that the relation between "person * * * on the premises'" and "a business conducted thereon" is casual or secondary. The relation is primary in ordinary understanding. For example, the customer buying a product in a store is on the premises because of a business conducted there. On the other hand, the newsboy collecting at a subscriber's door is not on the premises because of a business conducted there. The relation between the activity and the premises in the one case is primary whereas the relation in the other case is secondary. The interpretation holds for the remainder of clause (g) (3) which applies to "such business."

The above interpretation is said to reduce clause (g) (3) to surplusage. The policy contains the following definitions: " 'Business' includes trade, profession or occupation. * * * 5. Premises * * * Defined: (a) * * * residence * * * except business property * * *. 'Business property' includes (1) property on which a business is conducted * * *. The Insured's property shall not constitute 'business property' because of * * * rental of space in the Insured's residence for incidental office, school or studio occupancy * * *." An exclusion clause reads:

"Section II * * * Does Not Apply: (a) (1) to any business pursuits of an Insured * * *."

Exclusion clauses (a) (1) and (g) (3) are not literally coextensive; clause (g) (3) includes a business conducted by a tenant within the definition of nonbusiness property. Overlap of course exists, but it seems unavoidable in the process of interpretation.

The accidental injury to Wymore was an insured event under the insuring agreements, and it was not excluded from coverage. The judgment is affirmed. For services of her attorney in this court plaintiff is allowed $750 to be taxed as costs. See § 44-359, R. R. S. 1943.

AFFIRMED.