Frisch, Appellant, *v.* State Farm Fire and Casualty Company.

212

Argued December 11, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Herbert F. Rubenstein*, for appellant.

*Arthur R. Tilson*, with him *Stefan, Timoney, Knox & Avrigian*, for appellee.

OPINION BY MONTGOMERY, J., March 23, 1971:

This is an action in assumpsit brought by Fred W. Frisch, the appellant, under a Homeowner's Insurance Policy issued by State Farm Fire and Casualty Company, the appellee, to Odell Richardson, the homeowner, to recover medical expenses incurred by appellant. The sole issue on this appeal is the construction and application of an exclusionary clause in the insurance policy, the case having been submitted on a case stated. The lower court construed the exclusionary clause in favor of the insurance company.

On or about September 20, 1965, the appellant, while employed by Richardson, was painting the outside of the premises covered by the subject insurance policy,

located at 702 Hamel Avenue, Ardsley, Pennsylvania, and fell while descending an extension ladder sustaining the injuries on which he sued State Farm. The insurance policy provided that State Farm would pay reasonable and necessary medical expenses incurred within one year of the date of an accident to a person sustaining bodily injuries while on the premises of the insured. The pertinent exclusion clause provided that the policy did not apply ". . . to bodily injury (1) to any person . . . on the premises because of a business conducted thereon, or is injured by an accident arising out of such business . . ."

It is the appellant's contention that this clause contains an inherent ambiguity, i.e., that the phrase "a business conducted thereon" can apply, first, to a situation where the owner or another person with permission of the owner is conducting a business on the premises, such as a retail store, and a person sustains bodily injuries while on the premises for the purpose exclusively of patronizing such business; and, second, it can apply to a situation where a person, who incidentally is conducting a "business" such as an independent contractor or a newsboy or other business invitee, is on the premises at the implied or explicit request of the owner. The appellee argues that there is no ambiguity, that the distinction contended by the appellant is without a difference, and that, in any event, the exclusionary clause applies in both situations. The lower court also found no ambiguity and was of the opinion that all business invitees were meant to be excluded.

As the appellant points out, there do not appear to be any cases in point in Pennsylvania. However, see *Wymore v. Farmers Mutual Insurance Company of Nebraska*, 182 Neb. 763, 157 N.W. 2d 194 (1968). In that remarkably similar case, the plaintiff, an independent contractor, while performing repairs to the

roof of the insured homeowner's dwelling, fell off a ladder, sustaining injuries resulting in his death. The insurance policy in that case contained an exclusionary clause identical to the one in the present case. The Nebraska Supreme Court recognized the inherent ambiguity in the exclusionary provision and interpreted it in favor of the claimant. The Nebraska Court contrasted the ambiguous situations in terms of a primary and secondary relationship between the injured claimant and the business conducted on the premises. At page 764, 157 N.W. 2d at 195, it stated, "For example, the customer buying a product in a store is on the premises because of a business conducted there. On the other hand, the newsboy collecting at a subscriber's door is not on the premises because of a business conducted there. The relation between the activity and the premises in the one case is primary whereas the relation in the other case is secondary."

We also recognize the ambiguity, and thus will apply the well established rule, which is supported by numerous cases, as stated in 18 P.L.E. Insurance, §94, as follows: "Stated more fully, the rule is that, where, by reason of ambiguity in the language employed in a policy or contract of insurance, there is doubt or uncertainty as to its meaning and it is fairly susceptible of two interpretations, one favorable to insured and the other favorable to the insurer, the former will be adopted, or, as has been stated, the policy will be construed in favor of the insured in order not to defeat, without plain necessity, a claim to indemnity which was the insured's object to obtain."

Moreover, exceptions to the general liability of the insurer are to be strictly construed against the insurance company. *Simon v. Hospital Service Association of Pittsburgh,* 192 Pa. Superior Ct. 68, 159 A. 2d 52 (1960). The insurance company in this case contracted

to indemnify injuries of all claimants who were on the premises with the permission of the insured, with the exception of those who were on the premises *because of a business conducted thereon.* Under a strict construction of the pertinent clause, we interpret "because of" to mean "exclusively by reason of." Even though appellant was engaged in his own business of painting while on these premises, appellant's activity was of benefit to Richardson also. Since it is not contended that the employment of appellant to paint his home was the conducting of a business by Richardson, the benefit which Richardson received thereby was in his capacity as homeowner, and not as a business man. It is therefore quite apparent from the facts in the case that, as in the case of *Wymore v. Farmers Mutual Insurance Company of Nebraska,* supra, the injured claimant was not on the premises exclusively by reason of a business conducted thereon either by himself or by the homeowner. Consequently, the subject clause is inapplicable and the appellant may recover as an insured under the policy.

The order of the lower court is reversed, and the case is remanded thereto for assessment of damages and entry of judgment.