## Monaghan v. Pennsylvania Manufacturers' Association Insurance Company

*Robert Truel*, for plaintiff.

*Eileen Kalinoski* and *Linton Moyer*, for defendant.

FINKELHOR, *J.,* April 23, 1980—This matter came before the court en banc on the motions for summary judgment of both plaintiff and original defendant on stipulated facts under the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq. The specific issue is whether plaintiff is entitled to no-fault benefits for bodily injuries which occurred at a gasoline service station.

On November 28, 1978, plaintiff Monaghan brought her vehicle to a Mobil station to have said

vehicle checked and repaired. While waiting* on the premises, plaintiff was struck by another vehicle which was being repaired by one Ronald Stanislawczyk, the owner of the garage. On the date of the accident, plaintiff was a named insured on a personal automobile policy issued by defendant.

The No-fault Act provides that, for the recovery of no-fault benefits, the injury must arise out of the "maintenance or use" of a motor vehicle.

This use is further defined in section 103 as follows:

"'Maintenance or use of a motor vehicle' means maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, or alighting from it. Maintenance or use of a motor vehicle does not include: (A) conduct within the course of a business of repairing, servicing, or otherwise maintaining motor vehicles unless the conduct occurs off the business premises. . . ."

This definition was further amplified by the regulations issued by the Insurance Commissioner, 31 Pa. Code §66.1-103:

"Maintenance or use of a motor vehicle . . . (i) Conduct within the course of a business of repairing, servicing, or otherwise maintaining motor vehicles [includes] [s]tationary operation by a mechanic but shall not otherwise include operation of

---

*While the stipulated facts are not clear, it is the court's understanding that plaintiff was *standing* outside her vehicle. Neither counsel has discussed this aspect of the case and the court assumes there is no dispute as to plaintiff's status as a pedestrian: Hayes v. Erie Ins. Exchange, 261 Pa. Superior Ct. 171, 395 A. 2d 1370 (1978); Ashcraft v. Lutz, 256 Pa. Superior Ct. 626, 389 A. 2d 691 (1978).

a vehicle by a driver or test driver. (ii) Business premises [shall include] [c]ommercial and industrial repair shops as well as garage businesses which serve the general public."

In addition to the language of the No-fault Act, the insurance policy issued to plaintiff's father and under which plaintiff seeks to recover contains the following exclusion:

"This coverage does not apply to bodily injury to:

"(f) any person resulting from the conduct of the business of repairing, servicing or otherwise maintaining motor vehicles, unless the conduct occurs off the business premises."

It is plaintiff's position that, under the No-fault Act, the exclusion is limited to persons engaging in the business of repairing, servicing or otherwise maintaining vehicles and would not apply to plaintiff, a customer in the establishment.

Conversely, it is defendant's position that the act itself excludes all accidents which occur at the place of business and that the exclusion in the insurance agreement includes "any person" on the business premises.

As stated by President Judge Cercone in Heffner v. Allstate Ins. Co., _____ Pa. Superior Ct. _____, 401 A. 2d 1160 (1979), in interpreting the obscure clauses of the No-fault Act, the court must follow the guiding beacon of the purpose of the legislation to provide prompt immediate relief to motor vehicle victims. It is also another familiar axiom of Pennsylvania law that ambiguities in insurance agreements are to be construed against the insurer who prepared the contract: 18 P.L.E. Insurance §94; Frisch v. State Farm, 218 Pa. Superior Ct. 211, 275 A. 2d 849 (1971).

The exclusion urged by defendant fails to stand up to scrutiny. It is premised on a legislative classification of individuals based upon the precise place where they are standing. Thus, if plaintiff had been on the sidewalk, coverage would have been granted but denied if she were on the concrete apron of the station. What appears more likely is that the drafters of no-fault were attempting to exclude those persons and their employes who were engaged in the business of repairing and maintaining automobiles.

The carrier has attempted to extend the statutory exclusion to cover any person who unfortunately happens to be in the garage or gasoline station. An insurance policy drafted contrary to the prerequisites and requirements of the No-fault Act cannot bar the plaintiff coverage. While the instant exclusion appears to be of little moment, it would be contrary to public policy to permit the carrier to exclude at will areas within the parameters of the no-fault legislation.

Therefore, based upon the stipulated facts of the instant case, we find that (1) plaintiff was within the ambit of the No-fault Act and (2) an exclusion in the insurance agreement in conflict with the parameters of no-fault coverage is unenforceable.

Based upon the above discussion, plaintiff's motion for summary judgment will be granted and defendant's similar motion will be denied.

An appropriate order is attached hereto.

## ORDER

And now, April 23, 1980, upon the motions of plaintiff and defendant for summary judgment based upon stipulated facts and after full consid-

eration of the briefs and arguments of counsel, it is hereby ordered, adjudged and decreed that the motion of Patricia Monaghan for summary judgment against defendant Pennsylvania Manufacturers' Association Insurance Company is granted and the motion for summary judgment of Pennsylvania Manufacturers' Association Insurance Company is dismissed.