422 A.2d 175

Agnes M. KLISCHER

v.

NATIONWIDE LIFE INSURANCE COMPANY, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 6, 1979.

Filed Oct. 17, 1980.

Carl Rice, Sunbury, for appellant.

Gailey C. Keller, Bloomsburg, for appellee.

Before PRICE, WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant, Nationwide Insurance Company, contends that the lower court erred in: (1) concluding that appellant had the burden of establishing the insured's awareness and understanding of an exclusionary clause in an insurance policy, and (2) admitting, over timely objection, testimony as to the insured's understanding of the scope of coverage under the policy. We disagree with both contentions and, accordingly, affirm the order of the lower court.

Appellee, Agnes M. Klischer, was named as beneficiary in an insurance policy issued by appellant to her son Guy B. Klischer, the insured. It provided basic life insurance coverage in the amount of ten thousand dollars. The insured also purchased a separate accidental death benefit rider which

provided that an additional ten thousand dollars would be paid if the insured's death resulted "directly ... from external, violent, and accidental bodily injury." The rider excluded from coverage, however, certain risks which were deemed to be "Risks Not Assumed." One such risk was death resulting from "travel or flight in any species of aircraft if an Insured has any duties relating to such aircraft or flight ...."

Because the facts surrounding Klischer's purchase of the accidental death benefit rider are critical to the resolution of the issues presented to us, we must recite them in some detail.

Appellant's agent had serviced the life and business insurance needs of Klischer and his family for several years before the application for the instant policy and was aware of Klischer's interest in recreational aviation. The agent assisted Klischer in the preparation of the necessary forms. Because Klischer indicated that he was an amateur pilot, he was required to complete a supplemental aviation questionnaire. The agent assisted in the preparation of that form as well. The final question was as follows:

11. Should the Company determine that the above described aviation activities are too hazardous for standard rates, either a rating or an Aviation Exclusion Provision will be required. If such is the case, which is preferred? (Check one.)

Klischer indicated that he desired "[a] rating which provides world–wide coverage for the aviation hazard."

Appellant issued the policy with no aviation exclusion other than that contained in the accidental death benefit rider. Appellant assigned a rating of "35" to the policy, resulting in a higher premium for the desired coverage. Klischer was also required to pay a separate premium for the rider. Additionally, appellant's agent stated at trial that the rating pertained only to the basic coverage and that he informed Klischer of certain limitations in the rider, includ-

ing the aviation exclusion. Although both the initial application and the aviation questionnaire were expressly incorporated into the terms of the policy, neither of the forms nor the schedule of benefits and premiums page stated whether the special rate classification applied to the accidental death benefit rider.

Klischer was killed while piloting a single–engined airplane. Pursuant to appellee's claim, appellant paid the ten thousand dollars of basic life coverage, but refused to pay the accidental death benefit. Subsequently, appellee commenced this action seeking the accidental death benefit. At trial, appellee offered testimony regarding statements made by Klischer after the receipt of the policy. The essence of this testimony was that Klischer thought that he had applied for and purchased insurance which would provide twenty thousand dollars ($10,000 basic and $10,000 accidental) in the event that he died in an airplane accident. The lower court overruled the objections to this testimony and later instructed the jury that appellant had the burden of establishing that Klischer was aware of and understood the effect of the aviation exclusion. The jury returned a $10,000 verdict for appellee. Following the denial of its post–trial motions, appellant took this appeal.

Appellant contends that the lower court erred in imposing upon it the burden of establishing Klischer's awareness and understanding of the exclusionary clause in the accidental death benefit rider. In so ruling, the lower court relied on the decision of this Court in *Hionis v. Northern Mutual Insurance Co.*, 230 Pa.Super. 511, 327 A.2d 363 (1974). Appellant contends that *Hionis* was limited to its specific facts by a later decision of this Court, *Miller v. Prudential Insurance Co. of America*, 239 Pa.Super. 467, 362 A.2d 1017 (1976).[1]

1. *See also Brokers Title Co. v. St. Paul Fire & Marine Insurance Co.*, 610 F.2d 1174 (3d Cir. 1979); *Treasure Craft Jewelers, Inc. v. Jefferson Insurance Co. of New York*, 583 F.2d 650 (3d Cir. 1978); *Weiss v. CNA*, 468 F.Supp. 1291 (W.D.Pa.1979).

In *Hionis*, the insured sought protection against damage to improvements made to a restaurant which he had leased. The insurance agent procured a policy which provided for total reimbursement if the improvements were replaced within a reasonable time, but only partial recovery if the improvements were not replaced. After a fire which destroyed the restaurant and its contents and after the insured failed to restore the damaged improvements, the insurer refused to fully compensate for the loss. We stated:

Insurance contracts have been viewed under the law as contracts of "adhesion", where the insurer prepares the policy for a purchaser having no bargaining power. Where a dispute arises, such contracts are construed strictly against the insurer. *Eastcoast Equipment Company v. Maryland Casualty Company*, 207 Pa.Super. 383, 218 A.2d 91 (1966). In *Eastcoast*, we affirmed the decision of a court en banc on the basis of the lower court opinion which provided in part: "The policy behind this rule [construction against the insurer] is sound; the insurer wrote the policy, and the individual purchaser is concerned primarily with monetary benefits. Concern with definitional clauses and exclusions is minimal; therefore, if they do become material, they should be strictly construed against the insurer." 38 Pa.D. & C.2d [499] at 511. When a defense is based on an exception or exclusion in a policy, our Supreme Court has held that such a defense is an affirmative one, and the burden is upon the defendant to establish it. *Weissman v. Prashker*, 405 Pa. 226, 233, 175 A.2d 63 (1961). *Even where a policy is written in unambiguous terms, the burden of establishing the applicability of an exclusion or limitation involves proof that the insured was aware of the exclusion or limitation and that the effect thereof was explained to him.* See, e. g., *Frisch v. State Farm Fire and Casualty Co.*, 218 Pa.Super. 211, 275 A.2d 849 (1971); *Purdy v. Commercial Union Insurance Co. of New York*, 50 Pa.D. &. C.2d 230, 235 (1970).

230 Pa.Super. at 516–17, 327 A.2d at 365 (emphasis added). Thus, we held that because the insurer had failed to offer

any proof of the insured's awareness and understanding of the exclusion, the insurer could not rely upon the exclusion to deny coverage. *Id.,* 230 Pa.Super. at 517–18, 327 A.2d at 365–66. Because the insurer offered no evidence to contradict or detract from the version offered by the insured, we affirmed the order of the lower court directing a verdict for the insured.[2]

In *Miller,* an insured purchased a major medical expense policy to supplement his existing Blue Cross and Blue Shield coverage. The policy contained a clause, written in unambiguous terms which allowed a deduction for benefits provided under any other insurance. The insured relied upon *Hionis* for the proposition that "[e]ven where a policy is written in unambiguous terms, the burden of establishing the applicability of an exclusion or limitation involves proof that the insured was aware of the exclusion or limitation and that the effect thereof was explained to him." While we did reach a contrary result in *Miller,* we did not overrule or otherwise qualify our opinion expressed two years earlier in *Hionis,* Instead, we distinguished the two cases, as the closing passage from *Miller* clearly indicates:

> Because the appellant has already received full compensation for his medical expenses, it would be inequitable to require Prudential to demonstrate affirmatively that the insured was aware of the exception and had its effects explained to him. *Under the circumstances of this case, such knowledge should be imputed to the appellant.*

239 Pa.Super. at 474, 362 A.2d at 1021 (emphasis added). *Accord, Weiss v. CNA, supra* at 1294.

**2.** *Accord, Daburlos v. Commercial Insurance Co. of Newark, New Jersey,* 521 F.2d 18, 25 (3d Cir. 1975); *Oliver B. Cannon & Son, Inc. v. Fidelity & Casualty Co. of New York,* 484 F.Supp. 1375, 1384 (D.Del.1980) (applying Pennsylvania law); *Bierly v. John Hancock Mutual Life Insurance Co.,* 13 Pa.D. & C.3d 40 (C.P. Dauphin County 1979); *Buckich v. Gibbs,* 1 Pa.D. & C.3d 610 (C.P. Mercer County 1976); *L. & W. Demolition Co. v. Rockwood Insurance Co.,* 75 Pa.D. &. C.2d 688 (C.P. Dauphin County 1976); *Purdy v. Commercial Union Insurance Co. of New York,* 50 Pa.D. & C.2d 230 (C.P. Allegheny County 1970).

■ We adhere to our view expressed in *Hionis*. The major premise upon which *Hionis* rests is the vast inequality of bargaining power between the insurer and the typical purchaser of insurance. As a direct result of that disparity, the insurer may dictate the terms and conditions of the policy. Whether the policy is clear and precise or whether it is oblique and ambiguous, the disparity between the parties remains the same. Moreover, the insured's primary interest, which is obtaining the maximum coverage for his insurance dollar, is no less valid when the policy is unambiguous than it is when the policy is obscure. The policies served by *Hionis* are particularly pertinent when, as here, the insured buys insurance expecting to be covered for certain risks.

If insurance companies find this procedure too burdensome, it would be no great difficulty for them to take the necessary time to fully inform purchasers in simple language, [and] if printed, easily readable, exactly what the purchaser is buying. The purchase of insurance contracts should not be governed by the maxim of "caveat emptor," but rather by the same mutuality of understanding as governs any other contract situation.

*Purdy v. Commercial Union Insurance Co. of New York, supra* at 236–37. *Accord, Brokers Title Co. v. St. Paul Fire & Marine Insurance Co.* 466 F.Supp. 1174, 1179 (E.D.Pa.), *rev'd,* 610 F.2d 1174 (3d Cir. 1979) (because plaintiff was sophisticated in matters of insurance, *Hionis* does not apply). Insurers are not unduly burdened by a requirement that they explain the exclusions of their policies to insureds so that the insured can make an informed decision either to assume the excluded risks or to obtain additional insurance to protect against them. We therefore hold that the lower court correctly instructed the jury that appellant had the burden of establishing, as an element of its affirmative defense, that the insured was aware of and understood the effect of the aviation exclusion. *See Weissman v. Prashker,* 405 Pa. 226, 233, 175 A.2d 63, 67 (1961).

Appellant also argues that testimony as to Klischer's awareness and understanding of the exclusionary clause was

improperly admitted on the ground that it was either hearsay or violative of the parol evidence rule. We disagree.

■■■■ The parol evidence rule provides that when a contract is reduced to a writing which is intended by the parties to be a complete and final statement of their respective undertakings, extrinsic evidence is inadmissible to contradict or vary the terms of the writing. *See e. g., Manley v. Manley,* 238 Pa.Super. 296, 303, 357 A.2d 641, 644 (1976). The proffered testimony was not offered for such a purpose; rather it was introduced merely as evidence of Klischer's understanding and awareness of the policy in question. Our decision in *Hionis* makes such evidence crucial to the affirmative defense of the insurer. Thus, the evidence was not barred by the parol evidence rule. *See also Daburlos v. Commercial Insurance Co. of Newark, New Jersey, supra ; Bierly v. John Hancock Mutual Life Insurance Co., supra* at 45.

■■■■ Appellant's hearsay objection is without merit. The hearsay rule prohibits evidence of out–of–court statements offered to prove the truth of the matter therein asserted. Even if the proffered testimony were offered to show that the policy provided for payment of the accidental death benefit, it would nevertheless be admissible under the state of mind exception to show whether the insured was aware of and understood the effect of the exclusion. *See Commonwealth v. Ilgenfritz,* 466 Pa. 345, 352–54, 353 A.2d 387, 391–92 (1976). Thus the lower court properly admitted the testimony.

Order affirmed.

WATKINS, J., dissents.