David **CORNWELL** and Donna **Cornwell**, husband and wife

v.

## STATE FARM FIRE AND CASUALTY COMPANY.

### Civ. A. No. 80–4419.

United States District Court, E. D. Pennsylvania.

Dec. 10, 1981.

Andrew Elash, Philadelphia, Pa., for plaintiffs.

Martin J. Corr, Warminster, Pa., for defendant.

### MEMORANDUM

LUONGO, District Judge.

David and Donna Cornwell, the plaintiffs in this diversity action, seek a declaration that the defendant, State Farm Fire and Casualty Company (State Farm), is, by virtue of the homeowners insurance policy issued by it, obligated to defend plaintiffs in a civil action pending in state court. The parties agree that there is an exclusion, clearly and unambiguously stated in the policy, under the terms of which State Farm has no duty to defend the state court action. Nevertheless, the plaintiffs have moved for summary judgment maintaining that under Pennsylvania law, the exclusion is without effect because they were never made aware either of the existence of the exclusion or of its meaning. State Farm disputes plaintiffs' interpretation of Pennsylvania law and has cross-moved for summary judgment. For the reasons to be expressed in this memorandum, I will grant plaintiffs' motion and deny State Farm's.

The uncontroverted facts of this case are as follows. Sometime in 1975, David Cornwell visited Teddy D. Shafer, a State Farm agent, and, stating that he wanted "complete coverage" on his property, purchased a homeowners insurance policy which provided coverage for various risks, including personal liability.[1] This policy was in effect when, on February 9, 1979, plaintiffs' minor son was struck and seriously injured by a motor vehicle while crossing a street near his home. On behalf of their son and in their own right, plaintiffs instituted suit against the operator of the motor vehicle in the Court of Common Pleas for Bucks County, Pennsylvania. The operator, in turn, impleaded plaintiffs in their individual capacity as third-party defendants, charging that the minor son had been injured due to the parents' negligence. Plaintiffs requested State Farm to defend them in the action, and State Farm refused based on the following exclusion in the plaintiffs' policy:

1. Coverage L—Personal Liability . . . [does] not apply to:

. . . .

g. bodily injury to you or any insured within the meaning of part (a) or (b) of the definition of insured.

The referenced definition of "insured" stated:

3. "insured" means you and the following residents of your household:

a. your relatives;

b. any other person under the age of 21 who is in the care of any person named above.

Plaintiffs responded to State Farm's refusal to defend by commencing the present action.

Plaintiffs maintain that under the Pennsylvania Superior Court's decision in *Hionis v. Northern Mutual Insurance Co.*, 230 Pa. Super. 511, 327 A.2d 363 (1974), an insurer may not deny coverage based on an exclusion in the policy unless it establishes that the insured was aware of the exclusion and that its effect was explained to him. From this premise, plaintiffs conclude that they

---

1. The person liability section of the policy read as follows:

   COVERAGE L—PERSONAL LIABILITY
   If a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage to which this coverage applies, we will:
   a. pay up to our limit of liability for the damages for which the insured is legally liable; and

   b. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.

**312**

are entitled to summary judgment since State Farm has not denied plaintiffs' averments that they did not learn of the so-called "family exclusion" until State Farm refused to defend the action in state court. State Farm does not dispute the application of Pennsylvania law, but rather disagrees with plaintiffs' interpretation of the *Hionis* decision and its progeny.

In *Hionis*, the plaintiff had negotiated with an agent for one of the defendant insurance companies prior to purchasing fire insurance for improvements he had made to his leasehold. During these negotiations, the plaintiff had "entrusted the entire situation" to the agent, asking only that the policy provide coverage for the considerable improvements he had made to the premises. *Id.* 327 A.2d at 365. After fire destroyed the premises, defendants refused to pay the full amount of plaintiff's claim because of a liability limitation in the policy. Although the Superior Court expressly found that the language of the liability limitation was "couched in technical and unclear terms," *id.* at 366, the court's holding that the insurer could not rely on the exclusion was more broadly stated:

> When a defense is based on an exception or exclusion in a policy, our Supreme Court has held that such a defense is an affirmative one, and the burden is upon the defendant to establish it. *Weissman v. Prashker*, 405 Pa. 226, 233, 175 A.2d 63 (1961). *Even when a policy is written in unambiguous terms, the burden of establishing the applicability of an exclusion or limitation involves proof that the insured was aware of the exclusion or limitation and that the effect thereof was explained to him.* See, e. g., *Frisch v. State Farm Fire and Casualty Co.*, 218 Pa.Super. 211, 275 A.2d 849 (1971); *Purdy v. Commer-*

*cial Union Insurance Co. of New York*, 50 D. & C.2d 230, 235 (1970).

*Id.* at 365 (emphasis supplied).

■ State Farm argues that this language must not be accepted at face value. Rather, State Farm contends that *Hionis* and the Superior Court's subsequent reaffirmation of that decision in *Klischer v. Nationwide Life Insurance Co.*, 281 Pa.Super. 292, 422 A.2d 175 (1980),[2] rest on the same critical fact—"the insured bargained for a specific coverage which the issued policy excluded." (Defendant's Brief in Support of Defendant's Motion for Summary Judgment, etc., at 4). Although there is some merit to State Farm's interpretation of the *Hionis* rule, I may not disregard the ruling of the intermediate Pennsylvania appellate court. In the absence of persuasive pronouncements from the Pennsylvania Supreme Court suggesting otherwise, I accept the Pennsylvania Superior Court's interpretation of its own decisions. *See C.I.R. v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967). In *Klischer*, the court plainly stated the rationale underlying the *Hionis* rule:

> The major premise upon which *Hionis* rests is the vast inequality of bargaining power between the insurer and the typical purchaser of insurance. As a direct result of that disparity, the insurer may dictate the terms and conditions of the policy. Whether the policy is clear and precise or whether it is oblique and ambiguous, the disparity between the parties remains the same. Moreover, the insured's primary interest, which is obtaining the maximum coverage for his insurance dollar, is no less valid when the policy is unambiguous than it is when the policy is obscure.

422 A.2d at 178. The *Klischer* court did not rely on the fact that the insured had bar-

---

**2.** The insured in *Klischer* had purchased a basic life insurance policy with an accidental death benefit rider after specifically indicating to the agent of the insurance company that he desired coverage for his recreational aviation activities. When Klischer was killed piloting a plane, the defendant insurer paid Klischer's beneficiary under the basic life insurance policy, but denied liability under the accidental death rider be-

cause the rider clearly and unambiguously excluded coverage for aviation activities. The Superior Court, quoting the *Hionis* rule, held that the defendant could not rely on the aviation exclusion where it had failed to establish that Klischer was both aware of the exclusion and its effect at the time he purchased the policy.

gained for a specific coverage which the issued policy excluded. Although the most recent decision applying the *Hionis* rule, *Kelmo Enterprises, Inc. v. Commercial Union Insurance Co.*, 285 Pa.Super. 13, 426 A.2d 680 (1981), did mention that the insured had sought "full coverage," the court's holding was not based on that fact. Furthermore, the Court of Appeals for the Third Circuit has applied the broad holding in *Hionis* to factual circumstances which are not consistent with State Farm's position. *See Daburlos v. Commercial Insurance Co.*, 521 F.2d 18 (3d Cir. 1975). *See also Mattes v. National Fidelity Life Ins. Co.*, 506 F.Supp. 955 (M.D.Pa.1980), *aff'd without opinion*, 659 F.2d 1069 (3d Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 509, 70 L.Ed.2d 383 (1981).

■ Accordingly, in order to rely on the clear and unambiguous language of the family exclusion in plaintiffs' homeowners policy, State Farm must establish that plaintiffs were aware of the exclusion and that its effect had been explained to them.[3] The sole issue, then, on these cross-motions for summary judgment is whether there is a genuine issue of material fact as to plaintiffs' awareness or nonawareness of the existence and effect of the exclusion. Because I conclude that there is nothing in this record to controvert plaintiffs' averments that they did not learn of the exclusion until State Farm refused to defend the state court action, State Farm's motion for summary judgment will be denied, plain-

tiffs' motion will be granted and judgment will be entered in favor of plaintiffs. Plaintiffs swear in both their depositions and affidavits that the policy exclusion was never explained to them by anyone prior to issuance of the policy. Furthermore, they swear that they were not made aware of the meaning and effect of the exclusion until State Farm advised them that it would not defend the action in state court,[4] and that they have never read the policy.[5] State Farm offers only the deposition of Teddy D. Shafer, the State Farm agent who sold the insurance policy to the plaintiffs. This deposition indicates that it is Mr. Shafer's routine practice to advise every customer that every policy has "a lot of exclusions in it," but it is not his routine practice to inform each customer of each and every exclusion. (Shafer deposition at 5–6.) State Farm did not elicit from Mr. Shafer whether he had advised the plaintiffs of the family exclusion in the policy. Because it has had more than sufficient opportunity to do so, I can only conclude that Mr. Shafer did not explain the family exclusion to the plaintiffs.

I conclude, therefore, that State Farm has presented no evidence to indicate that plaintiffs were informed of the exclusion, or of its meaning. Accordingly, summary judgment will be entered for plaintiffs.[6]

---

**3.** Although the courts have recognized that the *Hionis* rule does not apply where the insured and insurer are of equal bargaining power, *Brokers Title Co. v. St. Paul Fire and Marine Insurance Co.*, 610 F.2d 1174 (3d Cir. 1979), or where it is shown that the insured had knowledge of exclusion independent from the policy, *Miller v. Prudential Insurance Co.*, 239 Pa.Super. 467, 362 A.2d 1017 (1976), neither of these exceptions is pertinent to this case.

**4.** Deposition of David Cornwell at 11; deposition of Donna Cornwell at 19; affidavit of David Cornwell at ¶¶ 9–11; affidavit of Donna Cornwell at ¶¶ 9–11.

**5.** Deposition of David Cornwell at 10–11; deposition of Donna Cornwell at 19.

**6.** I am not certain that the public policy considerations underlying *Hionis* actually benefit insured persons generally. To be sure, requiring insurance companies to supply potential customers with sufficient information to enable them to make an informed choice is generally a salutary policy. However, I question whether insurance companies can effectively pass on to the consuming public the cost of explaining every policy exclusion to every customer and, even assuming that they can, I question whether the public is willing to pay that expense. Nevertheless, until these questions are considered further by the Pennsylvania Courts or Legislature, those insurers choosing to do business in Pennsylvania must abide by the law as set forth in *Hionis* and its progeny.